IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE FLORENCE, § | | |
| TDCJ-CID NO. 654322, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-06-083 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

### MEMORANDUM OPINION AND ORDER

Thomas Wayne Florence ("Florence"), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2255. Florence has filed several motions, which the Court construes as motions for summary judgment. (Dkt. #5, 8, 9, 10, 11, 12, 14, 15, 18, 23, 24). The Director has also filed a motion for summary judgment (Dkt. #25) and Florence has responded (Dkt. #27). The Court will **DISMISS** this action for the reasons stated below.

### I. Claims and Allegations

Florence presently challenges TDCJ-CID disciplinary case number 20060210269. (Dkt. #1 at 3). On March 3, 2006, Florence was notified that he was being charged with using indecent or vulgar language. (Disciplinary Hearing Record ("DHR") at 1). On April 5, 2006, Florence attended a disciplinary hearing where he was found guilty by the Disciplinary Hearing Officer ("DHO"), who assessed the following punishments:

1. 30 days loss of recreation, commissary and property privileges;

2. 30 days cell restriction; and

3. a reduction in line class from L1 to L2.

(DHR at 1).

On April 10, 2006, Florence submitted two step-one grievances, appealing case number 20060210269. (Disciplinary Grievance Record ("DGR") at 1, 3). As a result, grievance numbers 2006133980 and 2006133985 were initiated. (DGR at 1, 3) On May 11, 2006, grievance number 2006133980 was denied on the merits. (DGR at 2). Also on May 11, 2006, grievance number 2006133985 was denied for redundancy.[1] (DGR at 4). On May 15, 2006, Florence filed a step-two grievance. (DGR at 7). This step-two grievance was denied on June 12, 2006. (DGR at 8). Florence then filed this petition for a writ of habeas corpus.

Florence claims that his due process rights were violated with regard to disciplinary case number 20060210269 as follows:

1. The DHO, counsel substitute, the charging officer, and other TDCJ officials conspired to deny Florence a fair and impartial hearing and administrative review on the following grounds:

    a. the charging officer brought the case in retaliation for Florence's earlier grievances and complaints against her, and perjured herself;

    b. the DHO failed to supply certain statements or Officer Hernandez as a witness when requested by Florence;

    c. the Counsel substitute rendered ineffective assistance by failing to object when the DHO incorrectly stated the date of the incident and by failing to object when Officer Hernandez was denied as a witness;

---

[1] Florence filed another step-one grievance on April 17, 2006, which was denied for redundancy on April 11, 2006. (DGR at 5-6). The business records affidavit executed by the Deputy Administrator of Offender Grievances indicates that Florence filed a total of six step-one grievances that were returned for failure to follow grievance guidelines. (DGR Business Records Affidavit).

2

          d.      TDCJ purposefully delayed the hearing until April 5, 2006, so that Officer Hernandez, who left a few days earlier to Iraq, would not be available as a witness;

          e.      the case was not overturned on appeal, even though Florence presented evidence that clearly substantiated his claim, and this failure to overturn was done in retaliation for Florence's having pointed out TDCJ's violations of disciplinary rules and procedures;

2. the finding of guilt was based on insufficient evidence;

3. all TDCJ officials involved violated disciplinary rules and procedures by denying Florence a fair and impartial hearing and administrative review.

4. Florence's cell restriction violated his First Amendment rights by preventing him from attending religious services.

(Dkt. #1 at 4-6); (Dkt. #10).

## II. Analysis - No Actionable Punishment

To obtain a federal writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254; *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994). Therefore, a central issue in a federal action challenging a prison disciplinary proceeding is whether the petitioner actually lost good-time credits to the extent that it would affect the length of time he must serve in prison. *See Hallmark v. Johnson*, 118 F.3d 1073 (5th Cir. 1997). Florence admits that he did not lose any good-time and that the only punishment he suffered was a temporary forfeiture of privileges and a demotion in classification. (Dkt. #1 at 3).

Florence does not have a liberty interest in a particular inmate classification. *Meachum v. Fano*, 96 S.Ct. 2532 (1976). Although he may reason that a reduction in time earning status would lengthen his stay in prison, such arguments have been rejected as speculative. *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of opportunity to earn good-time credits due to classification is a consequence which does not implicate

constitutional interests). Inmates, such as Florence, may be allowed to earn good conduct time to hasten their eligibility for release on parole or mandatory supervision, but they do not have an unqualified right to earn good time. TEX. GOVT. CODE § 498.003(a) (West 2006) ("Good conduct time is a privilege and not a right.").

There is no legal basis to Florence's claim regarding his temporary loss of commissary, recreation, property, and cell privileges because such punishments are not actionable in federal court. *Sandin v. Conner*, 115 S.Ct. 2293, 2297 (1995); *Luken*, at 193. A prisoner does not have many of the rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests which are protected by the Due Process Clause. *Id.* However, a prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 2300. The temporary restrictions placed upon Florence do not implicate due process concerns. *Madison*, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Similarly, these temporary restrictions do not implicate First Amendment concerns because such rights are subject to "reasonable restrictions and limitations necessitated by penological goals." *Hill v. Epps*, 202 Fed.Appx. 785, 786 (5th Cir. 2006)(per curiam)(citing *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995)).

If Florence were actually challenging a forfeiture of good-time, such a claim might be actionable if his release under mandatory supervision were actually delayed by the results of the disciplinary proceeding. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). But such a scenario

does not apply to this action, and Florence does not present any disciplinary sanction which can be remedied by this court. *Id.*; *see also Orellana*, 65 F.3d at 31-32 ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status."). Similarly, any possible adverse effects the disciplinary action may have had on Florence's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

### III. Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Florence has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

### IV. Conclusion

The court **ORDERS** the following:

5

1. This petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

2. Florence's motions for summary judgment (Dkt. #5, 8, 9, 10, 11, 12, 14, 15, 18, 23, 24, 27), to proceed before a magistrate judge (Dkt. #7), to appoint counsel (Dkt. #17), for production of documents (Dkt. #20, 28), to amend and add additional claim (Dkt. #21), and for leave to file supplement (Dkt. #30) are **DENIED**.

3. Respondent's motion for summary judgment (Dkt. #25) is **GRANTED**.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 27th day of March, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE